```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA


OMNI PINNACLE, LLC                             CIVIL ACTION

v.                                             NO. 06-3436

ECC OPERATING SERVICES, INC.                   SECTION "F"
```

ORDER AND REASONS

Before the Court is defendant's motion to dismiss pursuant to Rule 12(b)(1) and an alternative motion for order compelling arbitration and staying proceedings pending arbitration.  For the reasons that follow, the defendant's motion to dismiss is GRANTED.

## Background

On September 14, 2005, shortly after Hurricane Katrina struck the Gulf Coast, the United States Army Corps of Engineers awarded a hurricane debris removal contract to ECC Operating Services, Inc. (ECCOS).  To assist in its debris removal and hauling obligations, ECCOS retained Omni Pinnacle, LLC ("Omni").  Disputes arose between ECCOS and Omni regarding payment for Omni's services during the first two months of work.  Ultimately, these disputes culminated in ECCOS' termination of the Subcontract on November 18, 2005; ECCOS sent Omni a letter terminating the Subcontract for Omni's default and public announcement of its abandonment of the Subcontract.

The two companies tried to resolve their differences.  ECCOS and Omni negotiated to settle Omni's claims for its unpaid services and for the wrongful termination of the Subcontract.  On December

1

3, 2005, Omni and ECCOS agreed to "resolve all outstanding conflicts" between them regarding the Subcontract in an Offer for Final Settlement (the "Settlement Agreement"). ECCOS agreed to pay Omni $10,000,001.50 "in full and total consideration" for Omni's services rendered under the Subcontract, which reflected final payment for outstanding invoices submitted by Omni to ECCOS for all services rendered.  In return, Omni agreed to "waive and/or extinguish any claim for arbitration or wrongful termination of" the Subcontract.  Omni further agreed to "execute the release of claims contained in [the Subcontract]."  Finally, the Settlement Agreement provides:

> The purpose of this offer is to put an end to all disagreements and/or misunderstandings regardless of origin and that all claims between Omni Pinnacle, LLC and ECC/ECCOS be forever extinguished and that the parties be restored to their original positions with the exception of the consideration as stated hereinabove.

Omni contends that the phrase "the parties be restored to their original positions" meant that Omni would be restored their rights under the Subcontract as of November 18, 2005 before ECCOS's termination of the Subcontract.

Disputing Omni's interpretation, ECCOS has not provided any more work for Omni under the Subcontract.  On May 31, 2006, ECCOS filed a demand for arbitration against Omni with the American Arbitration Association ("AAA").  In so doing, ECCOS invoked the

2

arbitration clause in the parties' Subcontract, which provides:

> All claims, disputes arising out of, or relating to, this Agreement, except claims which have been waived by the making or acceptance of final payment shall be decided by arbitration in accordance with the Construction rules of the American Arbitration Association then in effect unless the parties mutually agree otherwise in writing. This Agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law.

ECCOS requests that the arbitrators declare, among other things, that the Settlement Agreement settled, released, and terminated any claims or rights under the Subcontract and that Omni repudiated any rights under the Subcontract. That arbitration proceeding is currently pending in California.

One month after ECCOS demanded arbitration, by letter on June 30, 2006, Omni requested that AAA dismiss ECCOS' arbitration demand. That same day, invoking this Court's diversity jurisdiction, Omni sued ECCOS. On August 8, 2006, AAA issued a letter declaring that ECCOS properly initiated its arbitration demand and that the proceedings would go forward.

Invoking the Subcontract's arbitration clause, ECCOS now asks this Court to shield it from Omni's suit; ECCOS requests that this Court dismiss Omni's suit for lack of jurisdiction or, alternatively, requests that this Court stay this suit pending arbitration. Omni, on the other hand, contends that there is no basis in law for compelling arbitration because the Settlement

Agreement does not mandate arbitration and the only dispute concerns an interpretation of the Settlement Agreement -- whether the Settlement Agreement requires ECCOS to return Omni to work under the Subcontract.

I.

A.  Fed.R.Civ.P. 12(b)(1) Standard

A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. Home Builders Assoc. of Mississippi, Inc. v. City of Madison, Mississippi, 143 F.3d 1006, 1010 (5th Cir. 1998) (citing Benton v. United States, 960 F.2d 19, 21 (5th Cir. 1992). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  Id. (citation omitted).

When claims are properly referable to arbitration, Section 3 of the Federal Arbitration Act provides that, upon application of one of the parties, the court shall stay the trial of the action until arbitration is complete.  See 9 U.S.C. § 3; see also Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992). A stay is mandatory upon a showing that the opposing party has filed suit "upon any issue referable to arbitration under an agreement in writing for such arbitration...."  Id. (citation

4

omitted). But dismissal is also an appropriate course of action "when *all* of the issues raised in the district court must be submitted to arbitration." Id. (citations omitted) (emphasis in original). When all issues are arbitrable and must be arbitrated, retaining jurisdiction and staying the action serves no purpose. Id.

B.  Arbitrability of Disputes under the Settlement Agreement

Informing the arbitrability analysis, the Supreme Court has enunciated four principles to guide the Court. Tittle v. Enron Corp., No. 05-20380, 2006 WL 2522444, at *5 (5th Cir. Sept. 1, 2006) (citing AT&T Techs., Inc. v. Commc'ns Workers of Am., 475 U.S. 643 (1986)). First, "'arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to submit.'" Id. (citing AT&T, 475 U.S. at 648). Second, because an arbitrator's authority is derived from the parties' agreement, "'the question of arbitrability ... is undeniably an issue for judicial determination... [u]nless the parties clearly...provide otherwise.'" Id. (citing AT&T, 475 U.S. at 649). Third, the Court is not to rule on the merits of the underlying claim when assessing arbitrability of claims. Id. (citing AT&T, 475 U.S. at 649). And fourth, "where the contract contains an arbitration clause, there is a presumption of

5

arbitrability." Id. (citing AT&T, 475 U.S. at 650).[1]

When determining whether parties must submit to arbitration, the Court conducts a two-step inquiry: (1) whether the parties agreed to arbitrate their dispute; and (2) if so, whether any legal constraints external to the parties' agreement foreclose arbitration. See Webb v. Investacorp., Inc., 89 F.3d 252, 257-58 (5th Cir. 1996). Neither party has argued that there are any external legal constraints to foreclose arbitration; accordingly, the Court focuses on the first step of the analysis to resolve arbitrability: Did the parties agree to arbitrate their dispute?

Determining whether the parties agreed to arbitrate their dispute "involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that agreement." Id. This analysis requires application of ordinary state-law principles governing formation of contracts. Id. The Court notes that, while the Subcontract is governed by California law, the Settlement Agreement is silent as to choice of governing law.

II.

Applying these principles, Omni must submit its suit to arbitration if the Court finds that the parties agreed to arbitrate

---

[1] This presumption requires that the Court, in determining whether a dispute falls within the scope of the arbitration agreement, resolve ambiguities in favor of arbitration. Id. (citing Fleetwood Enters., Inc. v. Gaskamp, 280 F.3d 1069, 1073 (5th Cir. 2002) (quotation omitted)).

6

its claims.  It is undisputable that a valid agreement to arbitrate is found in the parties' Subcontract.  The Settlement Agreement, however, contains no arbitration provision.  ECCOS contends that Omni's claim -- that the Settlement Agreement language requires that ECCOS return it to work under the Subcontract -- is a dispute within the scope of the Subcontract's arbitration clause.  Mindful of the strong federal policy favoring arbitration[2] and given the clear broad language of the arbitration provision, the Court agrees that Omni's claims are arbitrable.

To emphasize, the Subcontract's arbitration clause provides:

> All claims, disputes arising out of, **or relating to**, this Agreement, except claims which have been waived by the making or acceptance of final payment shall be decided by arbitration in accordance with the Construction rules of the American Arbitration Association then in effect unless the parties mutually agree otherwise in writing.  This Agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. (emphasis added)

The scope of this arbitration provision is expansive.  "A dispute 'arises out of or relates to' a contract if the legal claim

---

[2] See, e.g., Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 625 (1985) (noting that "[t]he 'liberal federal policy favoring arbitration agreements,' manifested by [the FAA] is at bottom a policy guaranteeing the enforcement of private contractual arrangements:  the Act simply 'creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate'"); FedMet Corp. v. M/V Buyalyk, 194 F.3d 674 (5th Cir. 1999) (quoting United Offshore Company v. Southern Deepwater Pipeline Co., 899 F.2d 405, 408 (5th Cir. 1990)).

underlying the dispute could not be maintained without reference to the contract." Tittle v. Enron Corp., No. 05-20380, 2006 WL 2522444, at *10 (5th Cir. Sept. 1, 2006) (citing Ford v. NYLCare Health Plans of the Gulf Coast, Inc., 141 F.3d 243, 250 (5th Cir. 1998) (noting that a claim does not arise out of or relate to a contract if the claim "is completely independent of the contract and could be maintained without reference to the contract")).

As Omni emphasizes, the Settlement Agreement does not have its own arbitration clause. But the absence of an arbitration clause does not compel a conclusion that the parties did not intend to arbitrate disputes arising out of, or relating to, the Settlement Agreement. (The Court has no doubt that the broad arbitration provision originally agreed to in the underlying Subcontract seems intended to suffice).[3] Further, the Court notes that the Settlement Agreement is not completely silent on the issue of arbitration; rather, it provides: "[t]hat as additional consideration provided to ECCOS in exchange for the aforesaid sum Omni hereby agrees to waive and/or extinguish any claim for arbitration or wrongful termination of said contract." The Court therefore draws no inference regarding the parties' intent *not* to arbitrate disputes about the Settlement Agreement simply by the

---

[3] Indeed, at the risk of stating the obvious, the Court notes that -- had the parties not resorted to their own independent dispute resolution device in executing a Settlement Agreement -- their dispute would have been submitted to arbitration under the Subcontract.

8

absence of an arbitration clause in that agreement.  Indeed, the Court is mindful of the first general principle governing arbitrability disputes -- that arbitration is a matter of contract.  Here, the parties agreed to submit certain disputes to arbitration.  And the Court turns to determine whether Omni's claim is one of them.

The Court is left to determine whether the broad scope of the Subcontract's arbitration clause encompasses the nature of claim asserted by Omni.  The Court finds that it does.  Omni draws attention to the fact that the Settlement Agreement observes that the parties "be restored to their original positions."  That means, says Omni, that ECCOS should permit Omni to resume work under the Subcontract.  Omni maintains that, in order for the Court to determine the merits of its claim (whether it should be returned to work), the Court need only interpret the language of the Settlement Agreement.  For that reason, Omni contends, the only issue before this Court is a determination as to whether ECCOS has breached the Settlement Agreement.[4]  The Court is not persuaded that the papers at issue demand such a cramped result.

That a determination of the merits of Omni's claim will initially involve interpreting the Settlement Agreement's language that the "parties be restored to their original positions" does not

---

[4] Omni does suggest, however, that if the Court were to deem the Settlement Agreement vitiated, arbitration of issues surrounding ECCOS' breach of the Subcontract would be necessary.

remove the meaning of that isolated phrase from the reach of the Subcontract's arbitration provision.  Indeed, it is inescapable to conclude under the text of the Subcontract that Omni's claim "could not be maintained without reference to [the Subcontract]."  See Tittle v. Enron Corp., 2006 WL 2522444, at *10 (citation omitted).  Omni ultimately fails to convince the Court how its claim does not "aris[e] out of, or relat[e] to, [the Subcontract]."[5]

Accordingly, defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and alternative motion for order compelling arbitration and staying proceedings pending arbitration is GRANTED.  Omni's claims are hereby dismissed.

New Orleans, Louisiana, October 12, 2006.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[5] The Court notes that Omni's position on arbitrability (that Omni's claim arises solely out of ECCOS's breach of the Settlement Agreement and does not relate to the Subcontract) must be divorced from its position on the merits (that the Settlement Agreement contemplated Omni's reinstatement under the terms of the Subcontract).  This simply reinforces the Court's determination that Omni's claim arises out of and relates to the parties' underlying Subcontract.

10